[No. 8330.  Department One.  April 29, 1910.]

CLARA WOLFE, *Appellant*, v. SCHOOL DISTRICT No. 2 OF
COLUMBIA COUNTY, *Respondent*.[1]

SCHOOLS AND SCHOOL DISTRICTS—CONTRACTS—LIMIT OF INDEBTED-
NESS—EMPLOYMENT OF TEACHER.  Under Laws 1893, p. 266, § 3, the
contract of a school district with a school teacher to teach school
for a period of eight months is void, when the limit of indebtedness
contracted in any one year payable out of the general fund had been
reached and exceeded in the aggregate the amount apportioned for
the district, as provided in said section.

SAME—LIMIT OF INDEBTEDNESS—NECESSARY EXPENSES.  The main-
taining of a school for a period of eight months is not such a neces-
sity as to render valid a teacher's contract therefor when the in-
debtedness incurred exceeded the limit authorized by law.

Appeal from a judgment of the superior court for Colum-
bia county, Miller, J., entered January 21, 1909, upon find-
ings in favor of the defendant, after a trial upon stipulated
facts before the court without a jury, in an action on con-
tract.  Affirmed.

*Troy & Sturdevant*, for appellant.

*Will H. Fouts*, for respondent.

FULLERTON, J.—On July 12, 1894, at a regular meeting
of the board of directors of School District No. 2, Columbia
county, the appellant was elected to the position of principal
of the high school of that district to serve for a term of eight
months, beginning October 1, 1894, at a salary of $50 per
month.  After being informed of her election by the clerk
of the school district, she sent a formal letter to that officer
accepting the position.  No written contract was entered into
such as the school law seems to have contemplated, but the
appellant took up her duties at the commencement of the
school year and performed them for a period of three

[1]Reported in 108 Pac. 442.

months, when she was discharged by the school directors. It is agreed that the appellant was duly qualified to teach under the laws of the state, and that her discharge was not because of any fault of her own, but on account of the district's financial condition, the directors having found it necessary, in order to continue the school, to retrench in their expenditures. After her discharge, the appellant in good faith sought employment elsewhere, and, failing to find it, brought this action against the district to recover as damages for a breach of the contract a sum equal to the salary for the unexpired term.

To a complaint setting out the foregoing facts, the respondent answered by way of denials and affirmative defenses, the second of the affirmative defenses being the following:

"(2)  For a further and separate defense the defendant alleges: First: That at the time said alleged contract was entered into by plaintiff and defendant the board of directors of defendant had incurred indebtedness against said School District No. 2, the defendant herein, which said indebtedness had been contracted during the year in which said alleged contract was made, and was payable out of the general fund of said district, the defendant herein, and was in a sum exceeding in the aggregate the amount apportioned to said district at the last quarterly apportionment next following the date on which taxes became delinquent prior thereto, and said indebtedness had not been authorized by a vote of the electors of said district, and there was no money in the treasury of said school district at said time."

At the trial the principal facts were stipulated; it being stipulated, among other things, that the facts stated in the foregoing separate defense were true. The court entered judgment for the respondent, and this appeal is taken therefrom.

The statute in force at the time the appellant was hired as a teacher, relating to the powers of school directors to enter into a contract when the effect of the contract was to create an indebtedness, reads as follows:

"It shall be unlawful for any board of directors to contract indebtedness against their district in any one year, payable out of the general fund of said district, in any sum or sums exceeding in the aggregate the amount apportioned to said district at the last quarterly apportionment next following the date on which taxes become delinquent, unless said indebtedness be first authorized by a vote of the electors of said district." Laws 1893, p. 266, ch. 109, § 3.

This statute clearly forbids the board of directors of any school district to contract an indebtedness against their district in excess of a sum equal to the last quarterly apportionment next following the date on which taxes become delinquent, and, just as clearly, renders void any contract creating an indebtedness after that limitation is reached. The stipulation entered into between the parties covering the second separate defense above quoted brings the appellant's contract within the rule. It is void because made at a time when the school district was incapable of entering into a valid contract of its nature.

The appellant relies upon the case of *Rauch v. Chapman*, 16 Wash. 568, 48 Pac. 253, 58 Am. St. 52, 36 L. R. A. 407, in support of the validity of the contract. In that case we held that liabilities incurred by counties necessary to the maintenance of county government were not within the purview of the constitutional provision forbidding the incurrence of an indebtedness beyond a fixed limit. But this principle is not applicable to the case at bar. The maintenance of a public school throughout a school year of eight months is not such a necessity as to warrant school directors in overriding statutory and constitutional limitations as to the amount of indebtedness a school district may lawfully incur.

The court rested its decision in part on other grounds, but we shall not notice them, as we think the judgment may well rest on the ground that the contract was void as in violation of the statute cited.

The judgment is affirmed.

RUDKIN, C. J., CHADWICK, and GOSE, JJ., concur.